MEMORANDUM **
Charles Githere, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals’ (“BIA”) order affirming an immigration judge’s (“IJ”) decision denying Githere’s application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We deny the petition for review.
We have jurisdiction under 8 U.S.C. § 1252(a). We review for substantial evidence, reversing only if the record compels a contrary result. See Don v. Gonzales, 476 F.3d 738, 741 (9th Cir.2007).
Substantial evidence supports the agency’s adverse credibility determination based on contradictions between Githere’s testimony concerning allegations of mistreatment subsequent to multiple arrests and (1) his application to adjust status in which he asserted he had never been arrested; (2) a certifícate of good conduct from the Kenyan police; and (3) Don Ka-nuthia’s affidavit omitting mention of Gith-ere’s first arrest. See Goel v. Gonzales, 490 F.3d 735, 739 (9th Cir.2007); Wang v. INS, 352 F.3d 1250, 1258 (9th Cir.2003). We cannot say that the record compels us to find these inconsistencies immaterial or to accept Githere’s proffered explanations. So long as one of the identified grounds for an adverse credibility finding is supported by substantial evidence and goes to the heart of the claim of persecution, we are bound to accept that finding. Wang, 352 F.3d at 1259.
In the absence of credible testimony, the record does not compel us to find Githere has established past persecution or that he presented credible, direct, and specific evidence of a well-founded fear of future persecution. See Lolong v. Gonzales, 484 F.3d 1173, 1180 (9th Cir.2007) (affirming denial of asylum and noting petitioner failed to demonstrate she would be targeted for persecution); Chebchoub v. INS, 257 F.3d 1038, 1042 (9th Cir.2001). Substantial evidence supports the agency’s denial of Githere’s application for asylum and withholding of removal. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir.2003). We also decline to remand to the BIA to reevaluate its decision in light of recent developments in Kenya. Absent a motion to reopen proceedings before the agency to present any new evidence, the record before us does not suggest Githere has a well-founded fear of persecution if he is returned to Kenya. See Lolong, 484 F.3d at 1180.
Githere’s CAT claims are based on the same evidence that the IJ found not credible and Githere points to no other evidence that he claims the IJ should have considered. On review of the record, substantial evidence supports the IJ’s decision that Githere has not shown it is more likely than not that he will be tortured if removed to Kenya. See Sowe v. Mukasey, 538 F.3d 1281, 1288 (9th Cir.2008); Farah, 348 F.3d at 1157.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.